MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| .OHN SONSINI, II,<br>Plaintiff | NO. 1:20-CV-000392 |
| VS. | HON. JUDGE SCHWAB |
| 1) LEBANON COUNTY, PENNSYLVANIA | JURY TRIAL DEMANDED |

JURY TRIAL DEMANDED

**FILED**
**WILLIAMSPORT**

MAY 14 2020

PER_____KCW_____
DEPUTY CLERK

2) ROBERT J. PHILLIPS, COUNTY COMMISSIONER
MAILING ADDRESS: LEBANON MUNICIPAL BUILDING, 400 SOUTH 8TH STREET, Room #207, LEBANON, PA 17042

3) WILLIAM AMES, COUNTY COMMISSIONER
MAILING ADDRESS: LEBANON MUNICIPAL BUILDING, 400 South 8TH STREET, Room # 207, LEBANON, PA 17042

4) JO ELLEN LITZ, COUNTY COMMISSIONER
MAILING ADDRESS: LEBANON MUNICIPAL BUILDING, 400 SOUTH 8TH STREET, Room # 207, LEBANON, PA 17042

5) JAMIE WOLGEMUTH, COUNTY ADMINISTRATOR
MAILING ADDRESS: LEBANON MUNICIPAL BUILDING, 400 SOUTH 8TH STREET, Room #207, LEBANON, PA 17042

6) ROBERT J. KARNES, WARDEN OF LEBANON COUNTY CORRECTIONAL FACILITY (L.C.C.F.)
MAILING ADDRESS: 730 EAST WALNUT STREET, LEBANON, PA 17042

7) ANTHONY J. HAUCK, DEPUTY WARDEN OF TREATMENT OF L.C.C.F.
MAILING ADDRESS: 730 EAST WALNUT STREET, LEBANON, PA 17042

PAGE #1

8) JACQUELINE MATIAS, FORMER-LPN MEDICAL SUPERVISOR OF L.C.C.F.
LAST KNOWN MAILING ADDRESS: 730 EAST WALNUT STREET, LEBANON, PA 17042

9) BRENDA CRESINI, FORMER BUSINESS MANAGER OF L.C.C.F.
LAST KNOWN MAILING ADDRESS: 730 EAST WALNUT STREET, LEBANON, PA 17042

10) ERIC G. FOLTON, CULINARY SUPERVISOR OF L.C.C.F.
MAILING ADDRESS: 730 EAST WALNUT STREET, LEBANON, PA 17042

11) CORRECTIONAL OFFICER KANE, CULINARY ASSISTANT OF L.C.C.F.
MAILING ADDRESS: 730 EAST WALNUT STREET, LEBANON, PA 17042

12) DR. PEVIN POWERS, FORMER- CONTRACT PSYCHIATRIST OF L.C.C.F.
LAST KNOWN MAILING ADDRESS: 730 EAST WALNUT STREET, LEBANON, PA 17042

13) SARAH ARDIRE, FORMER CONTRACT PSYCHOLOGIST OF L.C.C.F.
LAST KNOWN MAILING ADDRESS: 730 EAST WALNUT STREET, LEBANON, PA 17042

14) REBECCA DAVIS, CORRECTIONAL COUNSELOR AT L.C.C.F.
MAILING ADDRESS: 730 EAST WALNUT STREET, LEBANON, PA 17042

15) JOHN SANTONI, FORMER SERGEANT OF CORRECTIONAL OFFICERS AT L.C.C.F.
LAST KNOWN MAILING ADDRESS: 730 EAST WALNUT STREET, LEBANON, PA 17042

16) ALEXA LOYOLA, CORRECTIONAL OFFICER AT L.C.C.F.
MAILING ADDRESS: 730 EAST WALNUT STREET, LEBANON, PA 17042

17) CORRECTIONAL OFFICER KNOWN AS NASAR/NASIR AT L.C.C.F.
MAILING ADDRESS: 730 EAST WALNUT STREET, LEBANON, PA 17042

PAGE #2

18) ANGELA GARBAZ, FORMER NURSE OF L.C.C.F.
LAST MAILING ADDRESS: 730 EAST WALNUT STREET, LEBANON, PA 17042

19) ROBERTA BARRETTE, NURSE AT L.C.C.F.
MAILING ADDRESS: 730 EAST WALNUT STREET, LEBANON, PA 17042

20) TAMMY                 , IS OR WAS A NURSE AT L.C.C.F.
LAST KNOWN MAILING ADDRESS: 730 EAST WALNUT STREET, LEBANON, PA 17042

21) CORRECTIONAL OFFICER EBY, CORRECTIONAL OFFICER AT L.C.C.F.
MAILING ADDRESS: 730 EAST WALNUT STREET, LEBANON, PA 17042

22) TIMOTHY CLEMENTS, FORMER DEPUTY WARDEN OF OPERATIONS AT L.C.C.F.
LAST KNOWN MAILING ADDRESS: 730 EAST WALNUT STREET, LEBANON, PA 17042

23) UNKNOWN NURSES/MEDICAL STAFF EMPLOYED AT L.C.C.F. DURING OCTOBER 13,
2016 TO MARCH 25, 2017.
LAST KNOWN MAILING ADDRESS: 730 EAST WALNUT STREET, LEBANON, PA 17042

24) UNKNOWN CORRECTIONAL OFFICERS, JOHN DOES #2 CORRECTIONAL OFFICERS AT L.C.C.F.
LAST KNOWN MAILING ADDRESS: 730 EAST WALNUT STREET, LEBANON, PA 17042

Plaintiff brings this action against the above named and identified defendant(s),
including defendant(s) JOHN and JANE DOES, who are sued under fictitious names
as their true names and capacities are yet unknown to the Plaintiff and who will
be identified by their true names and capacities, in an amended complaint to be
filed by the Plaintiff, once they are ascertained, on the following cause of action:

Defendants #1 through #24 are incorporated in their Official and Individual/Personal capacities as permitted by Law.

I. Plaintiff is currently confined at State Correctional Institution GREENE, 169 Progress Drive, Waynesburg, PA 15370

A. Plaintiff is currently serving a term of one (1) to five (5) years followed by a one (1) to two (2) year sentence in a S.C.I.

B. Plaintiff's sentence was imposed by the COURT OF COMMON PLEAS OF LEBANON COUNTY, PENNSYLVANIA.

II. (A) A prior action was filed in the Court of Common Pleas of LEBANON County, PA.

A.1. Plaintiff was, RENALDO JOHN SONSINI, II, who was housed at S.C.I.-Huntingdon, 1100 Pike Street, Huntingdon, PA 16654

A.2. Defendants are all incorporated in the current document.

2) Action was filed in the Court of Common Pleas of LEBANON COUNTY, PA, DOCKET # 2018-01506

3) Assigned to the best of my knowledge, President Judge John C. Tylwalk of the Court of Common Pleas for LEBANON COUNTY, PA.

4) Disposition - Docket # 2018-01506 was removed to U.S. District Court for the MIDDLE District. Plaintiff withdrew then Docket # 1:19-CV-02232

PAGE # 4

5. Summons were filed on August 31, 2018.

5.A. Complaint filed in State Court on December 12, 2019

6. Disposition of Notice to Remove was on March 6, 2020 and withdrawn on March 23, 2020.

6.B. There's one (1) disciplinary action which deals with the facts and circumstances, Incident occured on two (2) block within L.C.C.F. on March 8, 2017. Plaintiff was given twenty (20) days of Disciplinary Custody Time to be served in the Segregated Housing Unit (SHU) and given a $25.— sanction for Administrative Fees.

III. The following Federal Rules, Laws and/or Constitutional Provisions were violated:

A. Premises Liability
B. Negligence
C. Civil Conspiracy
D. First Amendment to the United States Constitution (U.S.C.)
E. Fifth Amendment to the U.S.C.
F. Sixth Amendment to the U.S.C.
G. Eighth Amendment to the U.S.C.
H. Fourteenth Amendment to the U.S.C.
I. Americans With Disabilities Act (ADA) Amendments Act of 2008
J. Rehabilitation Act
K. 42 U.S.C.A. § 12101-12213 Referencing Major Life Activities
L. Constitution of the Commonwealth of Pennsylvania
   1. Article I §1
   2. Article I §3

3. Article 1 § 8
4. Article 1 § 9
5. Article 1 § 13
6. Article 1 § 20
7. Article 1 § 26

IV.   Statement of Claim

1) On October 13, 2016 I was admitted into Lebanon County Correctional Facility during the 8-4 shift, from the State Correctional Institution (S.C.I.) Camphill. I informed the Intake Correctional Officer (C.O.) - unknown about medical disability/restriction(s) in regards to being housed. This unknown C.O. refused to listen about proper housing assignment, stated I'd be speaking to someone in medical later.

2) Spoke to Medical staff on 4-12 shift about medical disability/restriction(s) in regards to being housed and about dietary restrictions. This nurse - Angela Garbaz said she'd check my medical file that came with me.

3) Mrs. Angela Garbaz, gave me two (2) Special Needs Requisition slips. One (1) indicates dietary of no chicken, and no fish, states d/t allergies documented by SCIC. One (1) indicates bottom bunk status per SCIC. Slips initialed AG, 10/13/16. I told nurse Garbaz that she did not include no turkey and no pork, she stated they don't serve pork and only serve turkey on Thanksgiving. I also stated how I can't navigate stairs per bottom/current/level tier status.

4) After speaking to Nurse Garbaz, I was sent to two (2) block located downstairs and given a top bunk. I told unknown C.O.'s on 4-12 shift manning one (1) and two (2) block control that I was not to be housed down there and to please contact someone, I should be housed in the infirmary, Medical Housing Unit (MHU), or even the Restricted Housing Unit (RHU) after showing them the pink slip for the bottom bunk status. C.O.'s - unknown ignored pleas for another housing assignment.

5) I was then told quarintines were to report back upstairs to the gym for recreation and showers.

A. I slipped and fell on a puddle of water in the middle of the gym floor, this was around 5:15 Pm on October 13, 2016 in the company of individuals who were also on quarintine status. Some of these individuals were also arrivals from the S.C.I.C. These individuals sought help from the unknown C.O.'s who were working the central control station responsible for overseeing the gym and medical department.

B. Unknown C.O.'s from control station responded and alerted the medical department. Medical staff - unknown, arrived with a wheelchair. I told medical staff and C.O.'s something is wrong with my knee/leg, that I was in severe pain and discomfort. They helped me off of the floor to place myself into the wheelchair. I was taken to the medical department where the nurses and C.O.'s talked about a course of action and they agreed that a hospital visit was in order.

C. I was wheeled down to intake, two (2) unknown C.O.'s had escorted me down two (2) flights of stairs and across parking area to a transport van. Unknown C.O. who transported me had me put myself up in the van and remove myself from the van at the hospital. I was also made to walk into Emergency Room even though C.O. was aware of injury sustained and the

PAGE #7

pain and discomfort I was having. Arrived at hospital and checked in at around 6:16 PM or 1816 hrs.

D. X-rays were ordered by hospital staff and results showed there are bone spurs around right knee cap. I already had ~~muscle~~ Loss of muscle growth and nerve damage. The slip and fall set me back a great deal from the progress I made during the physical therapy I had endured just to be able to even bend my knee from surgery. Hospital staff wanted to prescribe me a knee brace, the unknown C.O. said I would not be allowed to keep it. I asked about a compression sleeve or ace-bandage, again C.O. said that the L.C.C.F. Medical Supervisor would not allow it. I asked about pain medication(s), the C.O. said that hospital staff would have to prescribe it but it may not be allowed/approved by the L.C.C.F. Medical Supervisor, LPN-Jacqueline Matias. Hospital prescribed Ibuprofen 600 mg. to be taken four (4) times daily for pain and discomfort.

E. When released from hospital, nurse wheeled me to the E.R. exit. I had to do the whole process over again in reverse for my return to L.C.C.F. I was not helped up the two (2) flights of stairs to intake area. Once inside, unknown medical staff and unknown C.O.'s ordered me to return to my housing assignment I was originally placed. (2) Block. I pleaded with staff to re-assign me to another housing unit due to injuries. Staff refused to do so.

F. I returned to two (2) block that was locked down for the night. I arrived to my cell #25 and saw I was placed on the top bunk. I pulled my mat down to the floor to go to sleep, for I could not get in the bunk. I was ordered by unknown C.O. doing rounds to get off the floor and in my bunk or I would receive a misconduct if I refused. This caused severe bruises on my hips, abdomen, legs and arms. I had problems sitting, standing and walking. I did not receive meds for days.

PAGE #8

G. CULINARY department stores tray carts along with juice jugs in gym before and after serving meals to the blocks and is responsible for cleaning this area to ensure safety.

M.

H. Correctional Officer's who are assigned the control station are to do safety and security checks before and after use of gym to look for contraband, health and safety conditions/concerns.

6. These areas and staff members are responsible for the premises liability.

7. Medication Issues start on or around November 10, 2016 on 12-8 shift when I did not receive my psychiatric and pain medications. On November 14, 2016 I asked unknown C.O. why I was not getting medication, he stated "It's a holiday and no medical staff is here", I asked him if he was certified in medicine since he was handing out the meds, he stated "the nurses make up the packets to be handed out". I told him I have not received my medication in four (4) days now and to please check with medical about my medication. He said there was nothing he could do. I asked if he could at least get me some pain medication due to severe pain in my knee and leg, he said "No".

A. I wrote medical supervisor-Jacqueline Matias numerous requests about not receiving my medications. She responded that my Zoloft 100 mg. was discontinued due to refusals on November 10, 2016 and I need to submit another sick call request for the Ibuprofen 600 mg. four (4) times daily to be reissued and/or refilled.

B. I filed a grievance on November 21, 2016 for medical negligence. I submitted requests and sick calls to have medications reissued/refilled. I stated how Dr. Yocum was to review my x-rays and I'd be notified of a course of action to be taken. Never saw or heard from Dr. Yocum. Grievance denied by-LPN-Jacqueline Matias          PAGE #9

7.C. In the month of December I filed an appeal to Warden-Robert Karnes who failed to respond. Copy of said appeal is unavailable because Mrs. Davis would not allow me to make copies prior to filing.

D. On December 13, 2016 I submitted a sick call and request to DR. Powers and/or Psych. Department to be seen for depression, anxiety, P.T.S.D. etc. and to have my medication reissued. On December 28, 2016 I received a response from an individual-S. Narmen, now known to be Sarah Ardire from a request I sent on November 23, 2016. She states "We will schedule you to meet with DR. Powers, as soon as we can".

E. As of December 13, 2016 I have submitted four (4) requests to DR. Powers Sarah Ardire, three (3) requests to medical supervisor-LPN, Jacqueline Matias and Deputy Warden of treatment-Anthony Hauck. On December 16, 2016 I submitted my second (2nd) request of the month to DR. Powers about being seen and to have my medication reissued. (Zoloft 100 mg.)

F. On December 28, 2016 during PM medication I asked nurse-Garbaz about the status of my medications, sick calls and about copying my medical file, she said she couldn't do it, to write Mrs. Matias. I told Mrs. Garbaz that I wrote four (4) times about numerous problems and concerns and how Mrs. Matias doesn't respond or correct the issues.

G. On December 29, 2016 I wrote another request to Mrs. Matias about copying my medical file so I could have proof of the attempts I made about my status and how they have gone unanswered or were denied by staff to include MR. Hauck.

PAGE# 10

7.H.  I asked my counselor - Rebecca DAVIS for copies of the sick calls and requests. I wrote Mrs. Davis a request to copy a sick call form on December 29, 2016 that was to be collected the next day. I was denied access to the copier in Mrs. Davis' office on this day which would only allow sick call to be collected on January 3, 2017.

I.  December 30, 2016 I submitted request to Mrs. Matias about issues stated above. This would only be picked up on January 3, 2017. I asked Mrs. Davis for help, I asked if she would please sign a paper that she'd personally deliver my request slip(s) and sick call to Mrs. Matias. She refused to sign stating to me "I will not do that". Mrs. Davis only provided a in house envelope to me to put my paperwork in and said she would drop it off in Mrs. Matias' box. Mrs. Davis refused to help me obtain my medical file, any/all paperwork pertaining to my medical problems and concerns. Mrs. Matias never responded to any paperwork that I submitted to her since the grievance on November 21, 2016.

J.  January 26, 2017 I sent MR. Hauck a request to have Mrs. Matias call me to medical so I could have my medical file copied, he responded stating "We are not copying your medical file unless we receive a court order to do so signed by a judge".

8.  On January 23, 2017 I wrote a letter(s) to the county commissioners, Mr. Phillips, MR. Ames and Mrs. Litz and county administrator - MR. Wolgemuth about the issues taking place at the Lebanon County Correctional Facility. No one has ever responded to my letter.

9.  On February 16, 2017 nurse Barrette refused to give me medication stating "It's to early". I told her I was to get it four (4) times daily, four (4) to six (6) hours between. I told her my first and last dose was at 12:12 Pm, it was now 5:35 Pm and I was in pain. She walked away.

PAGE #11

10. March 8, 2017 on or around 9:30 Pm, my cell was part of a shake down on two (2) block. In course of search, C.O.'s found a packet of medication (Ibuprofen 600 mg.) with my name on it. I was given a misconduct for having my meds that was to be taken as needed four (4) times daily, four (4) to six (6) hours. This also comes from the medical staff being inconsistent with giving me my medication.

A. I was relocated upstairs to the Segregated Housing Unit (SHU) for pre-hearing confinement. I was placed in cell #58 and put on a top bunk.

B. March 10, 2017 I had a disciplinary hearing with MR. Hauck. He found me guilty of Possession of Contraband and sentenced me to serve twenty (20) days in the SHU and be charged with a twenty-five (25) dollar administrative fee for the misconduct.

C. I asked everyday from March 9, 2017 til March 24, 2017 for medication from the nurses, never got any.

D. March 20, 2017 I asked nurse, known as TAMMY who was doing meds with C.O. Henne if I could get a pain reliever for the pain and discomfort I was having. She refused/denied me medication and said "If you want pain medication, submit a sick call to have it reinstated".

11. As of this day in May of 2020, MR. Karnes never responded to appeal filed on or around the first (1st) week of December of 2016. I never received a response from either county commissioners or the county administrator. I had a forwarding address as I was returned to the PA. D.O.C. custody per transfer order supplied to L.C.C.F.

11. A. This shows a clear pattern of deliberate indifference by those involved with my care and custody in an individual and official capacity. This further shows that neglect was culpable, willful and inexcusable as I have a right to reasonable standards of care and the refusal of treatment and/or medication(s) also caused a negligent infliction of emotional distress.

11. B. The events that took place between October 13, 2016 and March 25, 2017 caused complications with my P.T.S.D., mental health condition, increased depression, stress and unnecessary pain, swelling and discomfort in knee, leg and back, and other numerous injuries as a result of the accident and subsequent housing issues.

11. C. These events violated Constitutional Law(s), Americans with Disabilities Act (ADA), Rehabilation Act, the standards of care and further laws applicable to these violations, all of which could have been avoided by a reasonable standard of care and the following of medical restrictions and medical providers orders for care.

12. From October 13, 2016 until March 25, 2017, medical staff, mainly MRS. Matias, correctional officers, culinary staff - MR. Foltin and MR. Kane, administration personel - MR. Karnes and MR. Hauck, as well as county commissioner's - MR. Phillips, MR. Ames and MRS. Litz, county administrator - MR. Wolgemuth were notified and/or aware of my dietary restrictions of not eating fowl, fish or pork.

12. A. Because of their failure to reatify this issue after oral and written requests, I was only capable of eating roughly 215-220 meals out of 480 during the five (5) month period. This caused suffering of depression, fatigue, stress, vomitting, nausea and weight loss. MR. Foltin and MR. Kane refused to provide an alternative or bland tray which caused these conditions mentioned.

PAGE #13

12. B. After receiving an alternative tray at Lunch on Febuary 7, 2017 I was refused one at dinner by MR. Foltin when C.O. Wolferd called for an alternate or bland tray. MR. Foltin told C.O. Wolferd that if I didn't eat the tray, it was on me. I asked two (2) unknown C.O.'s to please go to the Kitchen and grab anything that didn't have meat so I could have something to eat, they said I was burnt.

12.C. Febuary 16, 2017 - I spoke to MR. Santoni about my dietary status and asked if he could speak to MR. Foltin and/or MR. Kane to provide me with an alternative or bland tray because of my restrictions. MR. Santoni, directly told me he will not speak to anyone about a special tray. Again, two (2) unknown C.O.'s were working one (1) and two (2) block control, C.O. Eby, was working the central control. I wasn't provided an alternate or bland tray that night.

12.D. I informed MR. Santoni that my first (1st) Amendment right was being violated as well as my eighth (8th) Amendment, MR. Santoni specifically said "Your rights are not being violated because you're receiving food and that you do not get a say in what you get to eat". Again, I asked MR. Santoni to have culinary staff at least not put meat products on my trays, he refused and continued to make excuses for himself and his co-workers.

12.E. The following were made aware of my condition(s). MR. Hauck, Medical Department - especially MRS. Matias, MR. Karnes, Attorney - MR. Brian Deiderick, Judge - John C. Tylwalk along with the county commissioners and administrator. No one stepped in and did anything about this abuse.

12.F. During the first week of March 2017, I was called to the medical dept. by unknown nurse(s). I was told that my alternative meal will be a small can of Ensure at $3.00 each which will be given to me every morning around 3:00 Am. I received (22) because unknown parties failed to provide me at least three (3) cans while I was located in the SHU, due to a misconduct.   PAGE #14

12.G. Being woken up at or around 3:00 Am caused problems with sleep deprivation further causing plaintiff to suffer physically, mentally and emotionally. There by further violating plaintiff's rights and due process, as well as constitutional provisions, laws and numerous civil rights violations related to the same and caused additional pain and suffering which includes mentally, physical and emotional trauma.

13. On December 15, 2016 plaintiff sent letters to the Lebanon County Clerk of Court and District Magistrate - Thomas Capello. Those letters were not received by said parties.

13.A. On December 30, 2016 plaintiff sent letters to attorney MR. Brian Deiderick and the Lebanon County Clerk of Court. Those letters were not received by said parties.

13.B. This being a clear violation of my rights under the Constitution of the United States, Constitution of the Commonwealth of Pennsylvania, Federal / State law, directly a violation of Due Process and Open access to the courts, and continued to occur.

13.C. On January 26, 2017 plaintiff received a docket sheet along with copies of letters to the Clerk of Court and MR. Deiderick that plaintiff sent on January 18, 2017. Plaintiff reviewed docket sheet and noted that four (4) legal documents / letters were not received by said parties. This shows that they were not sent through the inner - office mail system, which is standard protocol for all mail addressed to the courthouse. This is a huge problem for I Am not the only person this happened to. This also includes mail sent through the United States Postal Service - First Class Mail. Somehow, someway, or by someone legal mail is being lost, or destroyed rather than being handled with lawful and appropriate manner in accordance with the law, legal standards and Federal Regulations.

13. D. Plaintiff spoke to C.O. Mease who gave plaintiff legal mail. Plaintiff asked who's responsible for legal mail going out, MR. Mease stated six (6) block is responsible for all inner-office mail (legal mail) as well as the L.C.C.F. office Manager. Mrs. Ceresini held this position at the time and was responsible and/or in charge of all legal mail going to the courthouse. Six (6) block also handles all out going U.S.P.S. mail.

13. E. Febuary 6, 2017 plaintiff wrote Mrs. Davis a request to allow a call to attorney - MR. Deiderick. Mrs. Davis wrote back the next day stating "We do not do personal calls". This was to my attorney for legal purposes, not personal.

13. F. Plaintiff's docket sheet showed Mr. Deiderick received letters on October 26, 2016 and January 18, 2017, letters to the Clerk of Court on October 26, 2016, December 21, 2016, January 4, 2017, and January 18, 2017. Plaintiff requested a record of out going correspondences from Mrs. Ceresini in Febuary. Mrs. Ceresini wrote down the dates above and for letters plaintiff sent out on January 31, 2018.

13. G. These actions and in some cases, inactions, by staff at L.C.C.F. are means of a continued campaign of harassment, create governmental interference, clear due process violations, civil rights violations, denial of legal means/remedy, Right to access to the courts and other constitutional legal violations. This misconduct by staff at L.C.C.F. has directly effected plaintiff's legal case and recourse, thereby unduly influencing the amount of time plaintiff is incarcerated for, as well as causing physical, emotional and mental suffering which is still ongoing and was willfully done by staff in disregard of plaintiff's rights.

IV. A. DATE(S) of EVENT(S): October 13, 2016 until March 25, 2017

B. PLACE of EVENT(S): LEBANON COUNTY CORRECTIONAL FACILITY

C. PERSON(S) INVOLVED - What they did and capacities.

1. LEBANON COUNTY, PENNSYLVANIA - Individual/Official capacities, allowed violation(s) to the Constitution of the United States, Constitution of the Commonwealth of Pennsylvania to continue in their county and county run facility. This includes but not limited to, civil conspiracy, negligence, Americans with Disabilities Act (ADA).

2. Robert J. Phillips - Individual/Official capacities, allowed violation(s) of the Constitution of the United States, Constitution of the Commonwealth of Pennsylvania to occur in the L.C.C.F. This includes but not limited to, civil conspiracy, negligence, Americans with Disabilities Act (ADA). Did not intervene when notified about conditions and treatment.

3. William Ames - Individual/Official capacities, allowed violation(s) of the Constitution of the United States, Constitution of the Commonwealth of Pennsylvania to occur in the L.C.C.F. This includes but not limited to, civil conspiracy, negligence, Americans with Disabilities Act (ADA). Did not intervene when notified about conditions and treatment.

4. Jo Ellen Litz - Individual/Official capacities, allowed violation(s) of the Constitution of the United States, Constitution of the Commonwealth of Pennsylvania to occur in the L.C.C.F. This includes but not limited to, civil conspiracy, negligence, Americans with Disabilities Act (ADA). Did not intervene when notified about conditions and treatment.

5. Jamie Wolgemuth - Individual / official capacities, allowed violation(s) to the Constitution of the United States, Constitution of the Commonwealth of Pennsylvania to occur in the L.C.C.F. This includes but not limited to, civil conspiracy, negligence, Americans with Disabilities Act (ADA). Did not intervene when notified about conditions and treatment.

6. Robert J. Karnes - Individual / Official capacities, allowed violation(s) to the Constitution of the United States, Constitution of the Commonwealth of Pennsylvania to occur and/or continue in the L.C.C.F. This includes but not limited to, civil conspiracy, negligence, Americans with Disabilities Act (ADA). Did not intervene when notified of conditions and treatment.

7. Anthony J. Hauck - Individual / official capacities, allowed violation(s) to the Constitution of the United States, Constitution of the Commonwealth of Pennsylvania to occur and/or continue in the L.C.C.F. This includes but not limited to, civil conspiracy, negligence, Americans with Disabilities Act (ADA). Did not intervene when notified of conditions and treatment.

8. Jacqueline Matias - Individual / Official capacities, allowed and took part in violations to the Constitution of the United States, Constitution of the Commonwealth of Pennsylvania while employed at L.C.C.F. This includes but not limited to, civil conspiracy, negligence, Americans with Disabilities Act (ADA), Rehabilatation Act. Did not intervene or rectify issue(s) when notified of conditions and treatment. Failed to respond to all attempts to be seen.

9. Brenda Ceresini - Individual / official capacities, allowed and/or took part in violation(s) to the Constitution of the United States, Constitution of the Commonwealth of Pennsylvania to occur and/or continue while employed at L.C.C.F. This includes but not limited to, civil conspiracy, negligence. Did not intervene or rectify legal mail issue(s) of legal mail not being sent out. Lost or Destroyed.

10. Eric G. Foltin - Individual/official capacities, allowed and/or took part in violation(s) of the Constitution of the United States, Constitution of the Commonwealth of Pennsylvania at L.C.C.F. This includes but not limited to, civil conspiracy, negligence. Did not intervene or rectify issue(s) with plaintiff's dietary restrictions. Premises Liability.

11. Correctional Officer - MR. KANE - Individual/official capacities, allowed and/or took part in violation(s) of the Constitution of the United States, Constitution of the Commonwealth of Pennsylvania at L.C.C.F. This includes but not limited to, civil conspiracy, negligence, premises liability. Did not intervene or rectify plaintiff's dietary restrictions.

12. DR. Pevin Powers - Individual/official capacities, violated the Constitution of the United States, Constitution of the Commonwealth of Pennsylvania. This includes but not limited to civil conspiracy, negligence, persons with mental health issues. Did not see plaintiff during the 5 months while at L.C.C.F., nor did he Reinstate psychiatric medication(s). Occurred while he was still contracted at L.C.C.F.

13. Sarah Ardire - Individual/official capacities, violated the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania while contracted at L.C.C.F. This includes but not limited to, civil conspiracy, negligence, persons with mental health issues. Did not see plaintiff during 5 months while at L.C.C.F., nor did she have prescription reinstated/refilled after numerous notifications.

14. Rebecca Davis - Individual/official capacities, allowed and/or took part in violation(s) of the Constitution of the United States and Constitution of the Commonwealth of Pennsylvania at L.C.C.F. This includes but not limited to, civil conspiracy, negligence. Did not intervene when notified of conditions and treatment. Did not allow legal correspondence/phone call.

15. John Santoni - Individual/official capacities, allowed and/or took part in violation(s) of the Constitution of the United States and Constitution of the Commonwealth of Pennsylvania while employed as Sergeant at L.C.C.F. This includes but not limited to, civil conspiracy, negligence, Americans with Disabilities Act (ADA). Did not intervene or rectify issues when notified. Refused to take course of action when plaintiff spoke to him.

16. Alexa Loyola - Individual/official capacities, violated the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania at L.C.C.F. This includes but not limited to, civil conspiracy, negligence, harassment, abuse. Did not intervene or rectify issues when notified. Refused/Denied adequate nutrition. Refused/Denied medical treatment/needs. Denied Due Process.

17. Correctional Officer Known as Nasar or Nasir, Individual/official capacities, allowed and/or took part in violation(s) of the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania at L.C.C.F. Did not intervene or rectify issues when notified. Refused/Denied adequate nutrition. Refused/Denied medical treatment/needs. Took part in harassment.

18. Angela Garbaz - Individual/official capacities, allowed and/or took part in violation(s) of the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania while employed at L.C.C.F. This includes but not limited to, civil conspiracy, negligence, Americans with Disabilities Act (ADA). Did not intervene or rectify issues when notified. Refused/Denied adequate nutrition. Refused/Denied proper medical treatment/needs. Deined Due Process.

19. Roberta Barrette - Individual/official capacities, allowed and/or took part in violation(s) of the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania at L.C.C.F. This includes but not limited to, civil conspiracy, negligence, Americans with Disabilities Act, Rehabilitation Act. Did not interevene or rectify issues when notified. Refused/denied proper medical treatment/needs. Refused/denied adequate nutrition. Denied Due Process.

20. Nurse Known as TAMMY - Individual/official capacities, allowed or took part in violation(s) of the Constitution of the United States and Constitution of the Commonwealth of Pennsylvania at L.C.C.F. This includes but not limited to, civil conspiracy, negligence, Americans with Disabilities Act (ADA), Rehabilitation Act. Did not interevene or rectify issues when notified. Refusal/Denied proper medical treatment/needs. Refused/Denied adequate nutrition. Denied Due Process.

21. Correctional Officer, EBY - Individual/official capacities, allowed and/or took part in violation(s) of the Constitution of the United States and Constitution of the Commonwealth of Pennsylvania at L.C.C.F. This includes but not limited to, civil conspiracy, negligence, premises Liability. Did not interevene or rectify issues when notified. Did not properly inspect gym of hazards. Refused/denied adequate nutrition. Denied due process.

22. Timothy Clements, Individual/official capacities, allowed and/or took part in violation(s) of the Constitution of the United States and Constitution of the Commonwealth of Pennsylvania while former Deputy warden of operations at L.C.C.F. This includes but not limited to, civil conspiracy, negligence. Did not interevene or rectify issues when notified. Denied due process. Refused/denied Seperation of C.O. Loyola. Failed to investigate Legal mail being Lost or destroyed.

23. Unknown Nurses/Medical Staff - Individual/official capacities, allowed and/or took part in violation(s) of the Constitution of the United States and the Constitution of the Commonwealth of Pennsylvania while employed at L.C.C.F. from October 13, 2016 until March 25, 2017. This includes but not limited to, civil conspiracy, negligence, Americans with Disabilities Act (ADA), Rehabilitation Act. Refused/Denied proper medical treatment/needs. Refused/denied adequate nutrition. Denied due process. Did not interevene or rectify issues when notified.

24. Unknown Correctional Officers - Individual / Official capacities, allowed and/or took part in violation(s) of the Constitution of the United States and of the Constitution of the Commonwealth of Pennsylvania while employed at L.C.C.F. from October 13, 2016 until March 25, 2017. This includes but not limited to, civil conspiracy, negligence, premises Liability, Americans with Disabilities Act (ADA), Harassment. Refused / Denied proper medical treatment / needs. Refused / Denied adequate nutrition. Refused / Denied due process. Did not interevene or rectify issues when notified.

V. Did the incident(s) of which you complain occur in an institution or place of custody in this district? If so, where?   Yes, Lebanon County Correctional Facility at 730 E. Walnut St. Lebanon, PA 17042

A) Is there a prisoner grievance procedure in this institution?   Yes.

B) Did you present the facts relating to your complaint in the prisoner grievance procedure?   Yes.

C) If Yes,

1. What steps did you take?   Plaintiff sent numerous requests to staff, sent numerous sick calls to medical dept. / staff, verbally voiced complaints to staff, filed grievance and appeal, wrote letters to attorney, judge and county personel, spoke to mother who spoke to personel at L.C.C.F.

2. What was the result?   Plaintiff was denied medication(s), denied proper / adequate nutrition, denied medical accommodation(s), denied proper access to the courts, denied access to attorney, denied Responses to letters, requests, sick calls and grievance, denied due process and denied physical and mental health treatment.

**VI.** RELIEF - An Injunction to prevent the illegal and unneeded practice being performed in regards to inner-office/legal mail: A seperate secure box or secure mail bag to be located on each housing unit, accessible to the inmates, which *Limits* access to only person/staff directly in charge of handling of *inner-office/ legal mail*; A Logbook or file kept of all inner-office/legal mail delivered via this process to provide a *documented record* of the delivery to the intended reciepent to further ensure proper handling and delivery of inner-office/ legal mail.

An Injunction to change and/or amend any/all current policy(s) or procedure(s) in regards to how Alternative Protien Meals (AP) are requested, denied without a reasonable basis for said refusal to provide and/or denial of the (AP) meals; without any such requirement of a religious/secular nature or reason for their personal protected choice not to consume animal/meat products; To provide an (AP) alternative to any/all, persons(s)/inmate(s) at each meal who properly notified L.C.C.F. personel of their legally protected right in regards to their protected choice in this matter; To stop/cease current or past practice/procedure when inmates are being woken up at 3-4 AM to receive a can of Ensure, a meal supplement that's being given as an (AP) meal, and to further stop/cease the current/past practice/procedure where the inmate is charged at a rate of $3.00 per can, or current market/ inflated price, for inmates protected right to have an (AP) meal;

An Injunction which would hence forth require L.C.C.F. to furnish and provide a copy(s) of all policies, practices and procedures to each housing unit and the Law Library for inmates to have access to all said policies, practices and procedures in L.C.C.F.

Defedant(s) to pay any/all medical expenses, to include but not limited to, Hospital bill(s), medication(s) expenses, medical visits, sick call co-pay(s), Alternative Protien Supplement (Ensure), and any/all other medical expenses/bills related to Plaintiff's care at L.C.C.F, or in the care of L.C.C.F.

Defendant(s) to pay any/all costs in relation to Attorney(s) Fees.

Defendant(s) to pay any/all cost(s) or fee(s) related to service, which shall include any/all fee(s) from the U.S. Marshall's service.

Defendant(s) to pay any/all cost(s) or fee(s) associated with, postage, discovery, witnesses, experts, medical testimony in any manner whatsoever.

Defendant(s) to pay any/all filing and administrative fee(s) related to this filing of $1983 suit or any other suit to which they are a party Related to this cause of action, as well as any/all fee(s) related to perfection of the same as well as any appeal fee(s) or cost(s).

Punitive Damages $75,000°‰ per defendant
Compensatory Damages $75,000°‰ per defendant
Nominal Damages $75,000°‰ per defendant

Any/All other relief deemed just and appropriate by this Honorable Court in relation to the defendants in this cause of action or related to this cause of action in any form whatsoever.

And/or Punitive, Compensatory and Nominal Damages awarded to the maximum amount(s) allowable by Law(s) governing the amount(s) permissable to be awarded to Plaintiff in this cause of action/suit against defendants enumerated in caption, Known or Unknown to Plaintiff at the current time of filing or in compliance with Law(s), Rule(s), and Procedure(s) at the time of commencement and in regards to some per offense committed, per each defendant as multiple violations exist in some cases as related to the case at bar, there by making them liable for more then one (1) instance or infraction as it relates to Plaintiff's case.

I, RENALDO JOHN SONSINI, II, Plaintiff in the above captioned matter do hereby claim right to trial by jury in accordance with and in compliance with the Rules of Civil Procedure as provided by Rule(s) and law(s) governing same as I am the Plaintiff and hereby seek to preserve my right to trial as allowed by Rule(s) and/or law(s) related to procedure in this Civil Matter before this Honorable Court and

in compliance with the Jurisdiction of the same.

I, RENALDO JOHN SONSINI, II, DO HEREBY DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE AND BELIEF.

DATED: MAY 9, 2020

/s/ Renaldo John Sonsini, II, Pro Se
RENALDO JOHN SONSINI, II, Pro Se
GU 5829
SCI- Greene
169 Progress Dr.
Waynesburg, PA 15370

## PROOF OF SERVICE

I, _RENALDO JOHN SONSINI, II_, do hereby certify that I have served true and

correct copy of the foregoing Petition / Motion / Brief, to the parties and in the manner

listed below. This service satisfies the requirements of the Pa.R.Crim.P. 576 and

577. This service also satisfies the requirements of the Prisoner's Mailbox Act;

***Commonwealth v. Jones***, 700 A.2d 423 (1997), and ***Houston v. Lack***, 487 US

266, 108 S.Ct. 2379 (1988).

Service by First Class Mail:

_United States District Court_
_Middle District of Pennsylvania_
_U.S. Courthouse, Suite 218_
_240 West Third Street_
_Williamsport, PA 17701-6460_

_MATTHEW R. CLAYBERGER, ESQ._
_305 North Front Street_
_Harrisburg, PA 17101_

Date: _May 9, 2020_

_Renaldo John Sonsini, II, Pro Se_
_RENALDO JOHN SONSINI, II, Pro Se_

DOC# _GU 5829_
SCI-Greene
175 Progress Drive
Waynesburg, PA 15370



Renaldo Sonsini, II
Inmate # GW 5829
S.C.I. - Greene
169 Progress Drive
Waynesburg, PA 15370

RECEIVED
WILLIAMSPORT

MAY 14 2020

PER _____
DEPUTY CLERK

United States District Court
Middle District of Pennsylvania
U.S. Courthouse, Suite 218
240 WEST THIRD Street
Williamsport, PA 17701-6460

PA DEPT OF
CORRECTIONS
INMATE MAIL

PA DEPT OF
CORRECTIONS
INMATE MAIL

$ 000.16

$ 002.2