UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RENALDO JOHN SONSINI, II | : | CIVIL NO: 1:20-CV-00392 |
| | : | |
| Plaintiff, | : | (Magistrate Judge Schwab) |
| | : | |
| v. | : | |
| | : | |
| LEBANON COUNTY, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## <u>MEMORANDUM OPINION</u>

## I.  Introduction.

The plaintiff, Renaldo John Sonsini, II, has failed to prosecute this action.  In fact, he has abandoned this action.  Accordingly, after analyzing the applicable factors, we will dismiss this action.

## II.  Background and Procedural History.

Claiming that his rights were violated in numerous ways while he was a prisoner at the Lebanon County Correctional Facility, Sonsini sued 22 defendants as well as an undetermined number of John and Jane Doe defendants.  The parties who were served consented to proceed before a magistrate judge pursuant to 28 U.S.C. § 636(c), and the case was referred to the undersigned.  We dismissed all Sonsini's federal claims except two Eighth Amendment claims—one against

defendant Hauck based on an ongoing denial of medical care and one against defendants Folton and Kane based on their failure to provide Sonsini a diet in accordance with medical needs. We dismissed many of Sonsini's claims without prejudice, and we granted Sonsini leave to file a second amended complaint. Sonsini did not, however, file a second amended complaint.

By an order dated February 22, 2021, we granted the Lebanon County defendants' motion for an extension of time to answer the amended complaint, and we ordered the Lebanon County defendants to file an answer on or before March 20, 2021.[1] The copy of the Order of February 22, 2021, that was sent to Sonsini at his address of record in this case was returned to the court as undeliverable.

Because it appeared that Sonsini may have failed to keep the court informed of his current address and he may have abandoned this action, we ordered Sonsini to show cause, on or before April 29, 2021, why this action should not be dismissed pursuant to Fed. R. Civ. P. 41(b). Although delivered to the same address as the earlier order, this show-cause order was not returned to the court as undeliverable. Still, Sonsini did not respond to the show-cause order.

Because Sonsini's address on record with the court was listed as the State Correctional Institution at Greene ("SCI Greene"), but the Pennsylvania Department of Corrections' Inmate Locator indicated that Sonsini was at the State

---

[1] The Lebanon County defendants filed an answer to the amended complaint on March 17, 2021.

Correctional Institution at Fayette ("SCI Fayette"), in an abundance of caution, we again ordered Sonsini to show cause, if there is any, why this case should not be dismissed.  In this second show-cause order, we ordered Sonsini to show cause on or before July 1, 2021, and we warned him that were he to fail to show cause, we would deem him to have abandoned this lawsuit.  We directed the Clerk of Court to send this second show-cause order to Sonsini at both SCI Greene and SCI Fayette.  Sonsini has not responded to the second show-cause order either.

## III.  Discussion.

Because Sonsini has abandoned this action, we will dismiss this action pursuant to Fed. R. Civ. P. 41(b).

The court may dismiss an action under Fed. R. Civ. P. 41(b) if the plaintiff fails to prosecute a case or fails to comply with court rules or court orders.  Even though dismissal is an available sanction, it is a drastic sanction that "should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." *Donnelly v. Johns-Manville Sales Corp.*, 677 F.2d 339, 342 (3d Cir. 1982).  In other words, "cases should be decided on the merits barring substantial circumstances in support of the contrary outcome." *Hildebrand v. Allegheny Cty.*, 923 F.3d 128, 132 (3d Cir. 2019).

Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the Court and will not be disturbed absent an abuse of that discretion. *Emerson v. Thiel College,* 296 F.3d 184, 190 (3d Cir. 2002).  But that discretion, while broad, is governed by the following factors, commonly referred to as the *Poulis* factors, which the Court must balance in deciding whether to dismiss a case:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984).  "The court should consider all six factors but need not find all six to award sanctions." *United States v. Brace*, No. 20-1892, 2021 WL 2387917, at *4 (3d Cir. June 11, 2021).  And no single factor is dispositive. *Briscoe v. Klaus,* 538 F.3d 252, 263 (3d Cir. 2008).  In this case, an assessment of the *Poulis* factors weighs in favor of dismissing this action.

The first *Poulis* factor is the extent of the party's personal responsibility.  A *pro se* litigant is personally responsible for failure to comply with the court's rules and orders.  In this case, because Sonsini is proceeding *pro se,* he is responsible for his failure to litigate this case.

The second *Poulis* factor is prejudice to the adversary.  Examples of prejudice are "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." *Scarborough v. Eubanks*, 747 F.2d 871, 876 (3d Cir. 1984).  Prejudice for purposes of the *Poulis* analysis, however, does not mean irremediable harm. *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 222 (3d Cir. 2003).  "[T]he burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Id.*  In this case, Sonsini's failure to litigate this case and comply with court orders frustrates and delays resolution of this action, and so, such failure to litigate can be seen to prejudice the defendants, who seek a timely resolution of the case.

The third *Poulis* factor is a history of dilatoriness.  While "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness,'" *Briscoe,* 538 F.3d at 261, "[e]xtensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994).  A "party's problematic acts must be evaluated in light of [his] behavior over the life of the case." *Id.* at 875.  In this case, Sonsini has a history of dilatoriness.  He failed to keep the court informed of his address.  And Sonsini failed to respond to the show-

cause orders issued by the court.  He failed to respond to those orders even though he was warned that if he failed to respond, we would deem him to have abandoned this case.  Thus, Sonsini has a history of dilatoriness.

The fourth *Poulis* factor is whether the conduct was willful or in bad faith. "Willfulness involves intentional or self-serving behavior." *Adams,* 29 F.3d at 875. Here, Sonsini failed to respond to the orders to show cause.  These failures lead to an inference that Sonsini has willfully abandoned this case.

The fifth *Poulis* factor is the effectiveness of alternate sanctions.  Dismissal is a sanction of last resort, and it is incumbent upon a court to explore the effectiveness of lesser sanctions before ordering dismissal. *Poulis,* 747 F.2d at 868. Sonsini is a prisoner proceeding *pro se,* and there is no evidence to support a reasonable inference that he would be able to pay monetary sanctions.  Therefore, monetary sanctions, including attorney's fees and costs, would not be an effective sanction in this case.  Moreover, Sonsini's failure to respond to the show-cause orders leads to an inference that further orders to him would not be effective.  In this case, no sanction short of dismissal would be effective.

The sixth and final *Poulis* factor is the meritoriousness of the claim.  In this inquiry, a claim will be deemed meritorious when the allegations of the complaint, if established at trial, would support recovery. *Poulis,* 747 F.2d at 870.  Here, as set

forth above, we dismissed all Sonsini's federal claims except two Eighth

Amendment claims, which are deemed meritorious.

In sum, the *Poulis* factors weigh in favor of dismissal.  It appears that

Sonsini has abandoned this case.  Thus, we will dismiss the case.

## IV.  Summary.

For the foregoing reasons, we will dismiss this action pursuant to Fed. R.

Civ. P. 41(b) given that Sonsini has abandoned this action.  An appropriate order

will be issued.

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge